Judge Ro.Ber.tson
delivered the opinion of the Court.
In 1824, Presley Talbot bought a cow and a negro boy named Henry, and delivered them to his son William M. Talbot, who had settled on his farm, and who retained the use and possession of them until his death in-1826. After the death of William, Presley Talbot took into his own possession and retained as his property, the boy Henry and the cow, and her increase. Whereupon, Archibald Logan as administrator, and Nancy Talbot, as. administratrix of the estate of Wm, M. Talbot, brought an action of *4 detinue against Presley Talbot, for the boy and the cattle. The jury found a verdict for the plaintiffs for the boy; but said nothing about the cattle, and the court rendered a judgment in the usual form on the verdict; from which Presley Talbot has appealed.
A party may appear in person. He has no right to appear both by attorney and in person..
To exclude evidence of a fact, only tending to greatea presumption! when the conclusion is more strongly-induced by other proof, is not sufficient to reverse a judgment.
The rejection <?,f a reply, to a proposition made by a stranger to purchase pro-property in contest, is proper, unless, the proposition, itself, be of such nature as detracts from the title of the parly, then his reply to be admitted m explanation.
*4 The errors assigned- are various, but may be reduced to a two fold classification. 1st. Suchas grow out of the supposed errors of the court, in opinions given during the trial. 2d. Such as are involved in the refusal to grant a new trial.
In the first class, three errors are complained of, ■The first is the refusal of the court to permit the appellant to interrogate the witnesses. There is. no error in this. A party ha¡s the right to appear “in propria persona,” or by counsel. This right is alternative. A party has no right to appear both by himself and counsel. It would be irregular and very inconvenient to permit him,“ex gratia,” to do so. The appellant was represented by counsel; conse-. quently he could not ask leave as a matter of right, to a.ppear also in his own person.
The second error of the first class, is, that the court refused to permit the appellant to prove, that he had entered the boy Henry, for taxation during the time when he was in William’s possession. We cannot reverse the judgment on this ground; because, the fact rejected could have only tended, and in a very slight degree, to prove that the appellant claimed Henry, This was indisputably proved by stronger and more direct evidence, and it was also proved that William, admitted the claim. Therefore, as it is plain that the introduction of this isolated fact, intended only to lead to a presumption of another fact which had been abundantly proved by better testimony, would not have benefited the appellant, its rejection cpuld not have prejudiced h,is defence. William had no. control over his father’s conduct. He. could not prevent his listing the boy for taxation. Upon the whole, we are unwilling to set aside the verdict for this cause alone.
The third error assigned in the first class is, like the second, but of less consequence. A witness swore that wishing to exchange for Henry, he applied to. *5 Wm. M, Talbot, who told him that Henry belonged to his father, and advised him to propose the exchange to him. He also swore, that he did make the application to the appellant, who replied that he would not make the exchange, “that it would not suit him to exchange the boy for a man.'’'’ The court on motion rejected the response of the appellant as inadmissible, and this is the error complained of. There is no error in this, for two reasons. 1st. The reply, which was not admitted as evidence, could not have strengthened the presumption of title in the appellant which would arise from the admission by Wm. M. Talbot. 2d. To have admitted this declaration, would have been permitting the appellant to give or to make testimony for himself. The conversation by the witness with W. M. Talbot, was all that was relevant to the issue. The subsequent conversation between the witness and the appellant, ought to have been excluded in toto. If it had been right to admit the proposition made by the witness to the appellant, and the proof of that alone without the reply, could have possibly operated to his prejudice, it would have been proper to receive the reply to the proposition. But the proposition itself was not pertinent evidence; and the proof of it, so far from being disadvantageous to the appellant, must, if it had any effect, have resulted to his benefit.
When a ve* diet from the testimony, might be rendered for either side, tho’ the weight of evidence may preponderate against the verdict, yet it is not to be disturbed.
We shall say but little about the points involved in the motion for a new trial. They are threefold. 1st. That the court erred in the opinion's already noticed. 2d. That the verdict was contrary to the evidence. 3d. That it was illegal.
The first is disposed of.
The second has been the subject of our severest scrutiny; and the result is, that the circuit court has pot erred in refusing the new trial. The evidence is, that the appellant is in very affluent circumstances, and would be able to give, and would be expected to give each of his children an advancement much exceeding the value of the. property in contest in this suit; that if he had not given William this boy Henry and the cow, he had not given him any thing; that his claim of title was the same to the slave and to the *6 cow and her increase; that the boy Henry and the cow, were bought by the appellant and sent to William after his marriage, and were both held by him until his death; and then both,as well as the calves, were taken away from the widow by the appellant; that the appellant had said in 1824, to several persons, that he had bought Henry for his son William, and to others that he had given Henry to William; and that the witnesses for the appellees, lived in the neighborhood of the father and son, and had never doubted that Henry and the cow belonged to William.
in detinue for different articles, verdict for pl’tff. as to some, silence as to the residue, equal to a verdict for def’t. as to the articles not noticed, and a bar to a future action. I. Dig. 254.
On the other hand, it was proved, that William had said to several different persons, that Henry and the cow still belonged to his father; and said that hisi father would put a better hand in Henry’s place, which he had promised to give him.
Now we are of opinion, that this evidence would have authorized a verdict for either party; and if it be admitted that the probabilities preponderated on the side of the appellant, nevertheless, the verdict should not be disturbed, unless there had been such a destitution of evidence on the side of the appellees as to render the verdict flagrantly unjust. Such is clearly not the case here.
As to the alledged illegality of the verdict, it is sufficient to observe, that although it would have been more formal for the jury to have found, either, that the appellant did, or did not detain the cattle; their omission to notice them, might be the subject of as just complaint by the appellees as it should be by the appellant; and the verdict will be a bar to any other suit for the cattle. The construction of the verdict is that the jury believed that the cattle were the property of the appellant. Such is the legal effect of the verdict and of the judgment. The appellant has no just cause of complaint, therefore, on this ground,
We know that it is said in a case in Washington’s Reports, that such a verdict is not good. But the same court which gave this opinion, decided that a verdict would be set aside, for omitting to find the value of the property.
Wickliffe, for appellant; Daviess, for appellees.
We think that their error is as apparent in the one case as the other.
An omission to find the value, and that to find as to some of the things sued for, ought to be alike ineffectual on the verdict as found, without positive law on the subject.
The first may be supplied by another inquiry. The last ought never to have had any effect, although there is some ancient authority to the contrary.
But the act of 1796, I. Digest 254, removes all doubt on both points; as to the last the 42d section provides, that “if, on an issue concerning several things in one count in detinue, no verdict be found for part of them, it shall not be error, but the plaintiff shall be barred of his title to the things omitted.”
J udgment affirmed with damages, but without costs, as the defendants defaulted.